*Franklin,*
January,
1826.

JOSHUA SAWYER defendant below, *vs.* JOSHUA DOANE AND OTHERS, *partners,* plaintiffs below.—*IN ERROR.*

The rules by which Courts are governed, in accepting or rejecting the reports of auditors, and the reports of referees, are different.

If auditors err in *point of law,* it is fatal.

But, the rules in relation to reports of referees, are those only, which have obtained in chancery, upon awards of arbitrators.

THE plaintiffs below brought their action of *assumpsit* against *Sawyer,* on a note of hand. Pending the action in the county court, the same was referred, by the agreement of the parties, to referees, who, at the next term of said court, returned their report, which was in common form, finding for the plaintiff the amount of the note.

Appended to the report, was a *certificate,* signed by one of the referees, as chairman, stating, that on the hearing before the referees, the defendant admitted the execution of the note ; but, by way of defence, offered to prove by an *affidavit* of one of the partners, that they had sold and transferred the note in question, to one *Thomas Ellenwood,* and received of him their pay for the same, with the knowledge and consent of Sawyer ; that the action was brought at the instance of Ellenwood, without the request or advice of the plaintiffs, and that they had no interest in it. Also, that Ellenwood acknowledged before the referees, that he was the owner of the note ; and that he had, subsequent to the transfer, and before the commencement of the suit, executed to the defendant, the following receipt : "Received of Joshua Sawyer, one dollar, in full of all demands, partnership and individual, and also all demands up to this date."

Upon the strength of the certificate, and the said affidavit of one of the plaintiffs, (which accompanied it) the defendant objected to the acceptance of the report, contending, that the said

affidavit ought to have been received and treated as legal evidence by the referees, and that the receipt or discharge of Ellenwood, was, under the circumstances, a legal discharge of the note. But the Court accepted the report, and rendered judgment thereon for the plaintiffs below.

*Franklin, January, 1826.*

*Sawyer vs. Doane, et al.*

The object of the present writ of error, was to reverse that judgment.

SKINNER, Ch. J. delivered the opinion of the Court.

The rules by which the Courts are governed, in accepting or rejecting the reports of auditors, and the reports of referees, are very different. In the former, to err in point of law, is fatal; but in the latter, the same principles have obtained here, as in a court of chancery, upon awards. That which would be cause for setting aside an award of arbitration in chancery; as mistake in point of fact, corruption and gross partiality, would be cause for rejecting the report of referees. But, in this case, there is no evidence before the Court, of mistake in point of law or fact; or, indeed, of any thing in relation to the proceedings at the reference.

The record shows a report in common form, and there is appended to it, the bare certificate of one of the referees, without oath, and to which no verity can legally attach. The judgment of the Court therefore is, that there is no error in the record of the county court, and the report must be accepted.

*Wm. Brayton*, for the plaintiff in error.

*Luther B. Hunt*, for the defendants in error.